IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **THE ESTATE OF DESHAUN NEWTON, et al.,** § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:10-CV-0809-L** |
| § | |
| **WES GRANDSTAFF, et al.**, § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Reconsideration, filed June 4, 2010. No response to the motion was filed. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiffs' Motion for Reconsideration.

**I.     Factual and Procedural Background**

Plaintiffs The Estate of DeShaun Newton, by and through personal representatives Duane Newton and Theresa Grant Newton (the "Estate"), Duane Newton, and Theresa Newton (collectively, "Plaintiffs") filed their Original Complaint on April 21, 2010. Plaintiffs brought claims against Defendants Wes Grandstaff, Jane Doe Grandstaff, Next Level Ballers, YMCA, YMCA of Metropolitan Dallas, Nike USA, Inc., and John Does 1 through 15 (collectively, "Defendants"). Plaintiffs allege claims of negligence, wrongful death, and "outrage" against all Defendants. Their claims arise out of the death of DeShaun Newton, who died on April 26, 2008, while participating in a basketball tournament at a YMCA. They contend that Defendants failed to properly and safely organize the tournament and to provide adequate medical equipment and personnel.

**Memorandum Opinion and Order - Page 1**

On April 30, 2010, the court ordered Plaintiffs to provide information about the citizenship of all parties as it existed at the time the action was filed. It warned Plaintiffs that failure to comply with its order would result in dismissal of the action without prejudice for lack of subject matter jurisdiction. On May 25, 2010, when nothing had been filed by Plaintiffs relating to the citizenship of the parties, the court dismissed this action without prejudice for lack of subject matter jurisdiction.

Subsequently, Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the action had been dismissed without prejudice, the court terminated this motion on June 1, 2010. Three days later, on June 4, 2010, Plaintiffs moved the court to reconsider its order of dismissal. No Defendant filed any response to the motion.[1]

## II. Analysis

Plaintiffs do not cite any statute or rule as a basis for the relief they request; however, the court construes their motion as one made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Under Rule 59(e), Plaintiffs' motion is timely as it was filed within twenty-eight days of the court's order dismissing this action.

Plaintiffs contend that their failure to comply with the court's April 30, 2010 memorandum opinion and order was a mistake by their counsel. They contend that their original counsel, Okey Akpom, was unaware of the court's order, and that their additional counsel, Joe Darrin Smith, appeared in this case after the court's order. Smith has filed a declaration in support of the motion

---

[1] At the time the court dismissed this action, no Defendant had appeared. After it dismissed the action, Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers, through counsel, moved to dismiss the case. Defendant YMCA was also served after the court dismissed the action on May 18, 2010, but it has not yet appeared.

**Memorandum Opinion and Order - Page 2**

stating that the facts stated in it are true and correct. In the motion, Plaintiffs state that Smith failed to check the docket after he appeared in this case and was unaware of the court's April 30, 2010 memorandum opinion and order.

Plaintiffs argue that without reconsideration, the merits of this case will never be decided. Although they fail to cite any authority in support of this argument, the court believes that their claims for negligence will be barred as untimely if refiled. The statute of limitations for a negligence claim under Texas law is two years. Tex. Civ. Prac. & Rem. Code § 16.003. DeShaun Newton died on April 26, 2008; thus the statute of limitations expired on April 26, 2010. Plaintiffs' pleading in this case was filed within the statute of limitations, but a new action alleging the same claims would not be.

Plaintiffs have also attached the declaration of Smith that includes information about the citizenship of the parties at the time this action was filed. According to Smith, the Estate and Duane Newton are citizens of California, and Theresa Grant Newton is a citizen of North Carolina. He also states that all Defendants are citizens of Texas. Smith states that Theresa Grant Newton moved from Texas to North Carolina in January 2010.

The court has carefully considered Plaintiffs' motion, the record, and the applicable law. Smith's declaration provides the information requested by the court in its April 30, 2010 memorandum opinion and order. Plaintiffs have provided some explanation for their failure to comply with the court's order. In light of Plaintiffs' lack of a legal remedy if this civil action is dismissed, the court will grant their motion and reconsider its prior order.[2]

---

[2]Although not directly applicable because the court did not dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court is mindful of decisions in this circuit finding that a heightened standard for dismissal is warranted in cases where dismissal without prejudice acts as a bar to future litigation due to statute of limitations issues. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191

**Memorandum Opinion and Order - Page 3**

### III.     Conclusion

Accordingly, the court **grants** Plaintiffs' Motion for Reconsideration. The court hereby **vacates** its May 25, 2010 order dismissing this action without prejudice. The court **directs** the clerk of the court to **reopen** this case. Plaintiffs are hereby **ordered** to serve a copy of this memorandum opinion and order on all served Defendants within **three business days** of this order. The court **directs** the clerk to **reinstate** Defendants Wes Grandstaff and Jane Doe Grandstaff, and Next Level Ballers' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims, filed June 1, 2010, as a pending motion. In light of the procedural history of this case, the court will set a briefing schedule for this motion. Any response to the motion by Plaintiffs must be filed no later than **July 30, 2010**. Any reply by the moving Defendants must be filed no later than **August 13, 2010**.

**It is so ordered** this 2nd day of July, 2010.

Sam A. Lindsay
United States District Judge

---

(5th Cir. 1992); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**Memorandum Opinion and Order - Page 4**