IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE ESTATE OF DESHAUN** | § | |
| **NEWTON, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0809-L** |
| | § | |
| **WES GRANDSTAFF, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims, filed June 1, 2010; and (2) the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement of Defendant YMCA of Metropolitan Dallas.  After carefully considering the motions, briefs, record, and applicable law, the court **denies without prejudice** Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims; and **grants in part** and **denies as moot in part** the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement of Defendant YMCA of Metropolitan Dallas.

## I.      Factual and Procedural Background

Plaintiffs are the Estate of DeShaun Newton, by and through the personal representatives Duane Newton and Theresa Grant Newton; Duane Newton, individually; and Teresa Newton, individually (collectively, "Plaintiffs").  They filed their Original Complaint on April 21, 2010, and they assert claims against Defendants Wes Grandstaff, Jane Doe Grandstaff, Next Level Ballers,

YMCA, YMCA of Metropolitan Dallas, Nike USA, Inc., and John Does 1 through 15 (collectively, "Defendants").

Plaintiffs' claims arise from the death of DeShaun Newton, who died participating in a basketball tournament on April 26, 2008. Plaintiffs bring claims for negligence, wrongful death, and "outrage" against Defendants, and they seek damages. Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers (collectively, "Next Level Ballers") have moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant YMCA of Metropolitan Dallas ("YMCA-MD") has moved to dismiss pursuant to Rule 12(b)(6), and, in the alternative, pursuant to Rule 12(e) for a more definite statement. YMCA-MD has also moved for dismissal of this action pursuant to Rule 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(4), for insufficient process.

## II.     Legal Standard – Motion to Dismiss for Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not

evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.  Defendant Next Level Ballers's Motion to Dismiss

The court first considers Next Level Ballers's motion to dismiss, which has been fully briefed. Next Level Ballers argues that Plaintiffs have made only conclusory allegations against it, that they have failed to identify any legal duty that it owed to them, and that they have failed to allege how it breached any duty.

Plaintiffs argue that the court should deny the motion, or, in the alternative, grant them leave to replead their claims. They contend that they have made specific allegations against Next Level Ballers, that motions to dismiss are viewed with disfavor and rarely granted, and that Defendant is attempting to avoid liability through "procedural maneuvering."

In reply, Next Level Ballers argues that DeShaun Newton died of natural causes and attaches his autopsy report. It also argues that Texas law does not recognize any duty that is applicable in this case, and it cites *Phi Delta Theta Co. v. Moore*, 10 S.W.3d 658, 663 (Tex. 1999), for its contention that the Texas Supreme Court uses an "inherent risk" standard for participants injured during athletic competitions. Because Next Level Ballers made these arguments and attached this evidence for the first time in its reply, the court does not consider these arguments or evidence in reaching its decision.

In Texas, the elements of a negligence claim are "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of Desoto,*

*Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Next Level Ballers argues that Plaintiffs have failed to identify any legal duty it owed them or how it alleged breached such a duty.

The court has carefully reviewed Plaintiffs' Complaint. They allege that DeShaun Newton "died participating in a basketball tournament at a YMCA on April 26, 2008." Pls.' Compl. ¶ 3.2. They further allege that "[t]he defendants failed to properly and safely organize the basketball tournament and failed to provide the proper equipment and medical personnel needed in the event of an emergency medical need. Had they done so[], DeShaun may still be alive." *Id*. ¶ 3.3. Plaintiffs allege that "Defendants owed a duty to plaintiffs. Defendants breached their duty which was the actual and proximate cause of the injuries to plaintiff." *Id*. ¶ 4.1. Plaintiffs do not cite any legal authority in their response to the motion to dismiss but argue generally that they have satisfied the legal standard pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court determines that Next Level Ballers is correct. Plaintiffs have failed to allege a specific duty that it owed to them or how it breached such a duty. The allegations are wholly conclusory, and Plaintiffs have not identified any legal support for finding that Next Level Ballers owed them a duty or that they breached such a duty. Plaintiffs do not specify any actions taken by Next Level Ballers but plead one sentence that is aimed at all Defendants. The court determines that Plaintiffs have failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, they have failed to state a claim upon which relief can be granted against Next Level Ballers for negligence.

Plaintiffs have requested leave to amend if the court determines that the motion to dismiss should be granted. Leave to amend is to be freely given unless there is a substantial reason to deny it. *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004). In determining whether to grant leave

to amend, the court considers such factors as undue delay, failure to cure deficiencies by prior amendment, and futility of amendment. *Schiller v. Physicians Res. Group Inc*., 342 F.3d 563, 566 (5th Cir. 2003).

Plaintiffs have not amended their pleading, and the court will give them the opportunity to plead their claims with more specificity. Accordingly, the court will deny Next Level Ballers's motion to dismiss, but it will grant Plaintiffs' request for leave to amend. Plaintiffs shall file their amended pleading no later than **November 24, 2010**. Plaintiffs must identify the legal duties that they allege Defendants have breached and plead facts above the speculative level to support their contention that these duties have been breached. Plaintiffs cannot rely on conclusory allegations, and they must plead their claims with more specificity. If Plaintiffs fail to amend their pleading by November 24, 2010, the court will dismiss this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for want of prosecution and failure to comply with a court order or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.    Defendant YMCA-MD's Motion to Dismiss

In light of the court's decision, it will deny as moot in part Defendant YMCA-MD's motion to dismiss, or, in the alternative, motion for more definite statement. Plaintiffs have not yet responded to this motion, but because the court will allow Plaintiffs to replead, their requested relief pursuant to Rules 12(b)(6) and 12(e) will be rendered moot by Plaintiffs' amendment.

The court next considers YMCA-MD's arguments pursuant to Rule 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(4), for insufficient process. Defendant YMCA-MD contends that process was insufficient because the summons served upon its registered agent was directed to Defendant "YMCA," not YMCA-MD. It argues that no summons was issued for YMCA-MD and seeks dismissal for insufficient process. YMCA-MD's personal jurisdiction argument is intertwined

with its process argument; it contends that the court cannot exercise personal jurisdiction over it because of insufficient process.

A summons must include, among other things, the names of the parties and be directed to the defendant being sued. Fed. R. Civ. P. 4(a)(1)(A), (B). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed. 2004). Process may be insufficient if the summons and complaint refer to a party in the wrong name. *Id.*

In this case, Plaintiffs assert claims against both "YMCA" and "YMCA of Metropolitan Dallas." Compl. ¶ 1.3. On May 17, 2010, the court issued summons for Defendant "YMCA," but Plaintiffs never sought a summons against Defendant YMCA-MD. Since no summons has been issued to YMCA-MD in compliance with Rule 4(a)(1)(A) and (B), process is therefore insufficient, and the court will therefore grant YMCA-MD's motion with respect to Rule 12(b)(4). Rather than dismiss the claims against YMCA-MD, however, the court **quashes** any purported service on YMCA-MD and **directs** Plaintiffs to properly effect service on YMCA-MD no later than **November 24, 2010**.

## V.     Conclusion

For the reasons stated herein, the court **denies without prejudice** Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims; and **grants** Plaintiffs' request for leave to replead. The court **grants in part** and **denies as moot in part** the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement of Defendant YMCA of Metropolitan Dallas. It grants YMCA-MD's motion with respect to Rule 12(b)(4), but it denies as moot its requests for relief pursuant to Rules 12(b)(6) and 12(e). Plaintiffs shall file their amended pleading in conformity with this memorandum opinion and order no later

than **November 24, 2010**, and they are **directed** to properly serve Defendant YMCA-MD by

**November 24, 2010**.

   **It is so ordered** this 3rd day of November, 2010.


                                         _Sam A. Lindsay_
                                         Sam A. Lindsay
                                         United States District Judge