IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF DESHAUN NEWTON, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-0809-L** |
| WES GRANDSTAFF, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' First Supplemental Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims, filed December 13, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **denies** Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' First Supplemental Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims.

### I. Factual and Procedural Background

Plaintiffs Duane Newton and Theresa Grant Newton, the personal representatives of the estate of DeShaun Newton, (collectively, "Plaintiffs") filed their Original Complaint in this court on April 21, 2010, against Defendants Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers (collectively, the "Moving Defendants"), YMCA, YMCA of Metropolitan Dallas, Nike USA, Inc., and John Does 1-15. The court exercises jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Moving Defendants previously filed a motion to dismiss this case on June 1, 2010, for failure to state a claim. The court denied the motion without prejudice on November 3, 2010, and ordered Plaintiffs to replead. On November 23, 2010, Plaintiffs filed their First Amended Complaint ("Complaint"), which constitutes the live pleading in this case. The Complaint asserts three claims against all Defendants for negligence, wrongful death, and outrage. On December 13, 2010, the Moving Defendants renewed their motion to dismiss and once again requested that the court dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This action arises out of the death of DeShawn Newton ("Newton"), which occurred on April 26, 2008. On that date, Newton was participating in a 128-team basketball tournament that was organized, hosted, managed, and sponsored by all Defendants at a YMCA facility in Dallas County, Texas. Plaintiffs allege that Newton had played well in the first half of his basketball game and was seated on the bench, waiting to return to the basketball game, when he suddenly went into cardiac arrest, ostensibly because of a congenital respiratory condition and heart defect. He stopped breathing and his coach attempted to administer cardiopulmonary resuscitation ("CPR"), but no one else came to Newton's aid.

Emergency medical personnel were ultimately dispatched to the location; however, they were unable to enter the facility and assist Newton until nearly thirty minutes after he had gone into cardiac arrest. Plaintiffs allege that all Defendants were responsible for ensuring that reasonable care was given and that all necessary safety precautions were taken in managing the basketball tournament. Specifically, the Complaint states that all Defendants failed to: hire or arrange for any medical personnel, or trainers certified in administering CPR, to provide first aid to injured players in need of medical attention; provide for any emergency medical equipment, such as a defibrillator,

to be available in the event of a medical emergency; and provide effective ingress and egress to the facility that would have allowed emergency medical personnel to access quickly the premises and render immediate and necessary medical aid.

Plaintiffs further allege that Newton's death could have been prevented had all Defendants provided these safety measures and that Defendants' failure to take such safety precautions was the direct and proximate cause of Newton's death. The Moving Defendants now challenge Plaintiffs' negligence claim, and they argue that the claim should be dismissed because Plaintiffs have pled insufficient facts from which the court could reasonably infer the existence of a legal duty the Moving Defendants owed to Newton.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

III. <u>Analysis</u>

The Moving Defendants base their motion to dismiss solely on their contention that no legal duty exists under Texas law on the facts of this case. Plaintiffs contend that the Moving Defendants owed a duty to Newton, as well as the other basketball tournament participants, to act with reasonable care to not cause injury. By failing to provide medical equipment, medical personnel, and adequate ingress and egress for emergency access to the facility, the Moving Defendants allegedly breached their duty of reasonable care. In other words, Plaintiffs allege that the Moving Defendants failed to provide reasonable safeguards or address reasonably foreseeable medical emergencies with respect to their organization and management of the basketball tournament.

In Texas, the elements of a negligence claim are "the existence of a legal duty, a breach of that duty, and damages proximately cause by the breach." *IHS Cedar Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Duty is the threshold inquiry, and a plaintiff must prove the existence and violation of a duty owed by the defendant to establish liability in tort. *Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 631 (Tex. 1976). Duty is the function of several interrelated factors, the foremost and dominant consideration being foreseeability of the risk. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). With respect to cases involving an injury related to athletic competition, the Texas Supreme Court has not explicitly set forth a controlling duty standard. *See Southwest Key Program, Inc. v. Gil-Perez*, 81 S.W.3d 269, 271 (Tex. 2002) ("Although this Court has not spoken on the issue of liability in the context of sports injuries, the lower courts of this state

and the high courts of many other states have."). Although that court acknowledged three different approaches for tort liability in sports injury cases, it ultimately declined to adopt one. *See id.* at 271-72 ("We acknowledge the valid public policy reasons that have been articulated in support of each of the three approaches to liability in sports-injury cases. . . . [but] it is unnecessary to adopt any of the three approaches here.").

The three approaches that the Texas Supreme Court acknowledged in sports-related injury cases are as follows. First, a majority of courts has adopted a "reckless or intentional" standard, which requires "an injured plaintiff to prove that the participant-defendant's conduct was either reckless or intentionally injurious." *Id.* at 272. Some courts have extended this standard beyond solely *participant*-defendants and have applied it to nonparticipants-defendants as well. *Id.* It is undisputed that the Moving Defendants in this case are properly classified as "nonparticipant-defendants." Second, other courts adhere to the "traditional negligence" standard, under which a defendant owes a duty of ordinary care. *Id.* Third, there is the "inherent risk" standard, which has been previously advocated by some members of the Texas Supreme Court. *Id.*; *see, e.g., Phi Delta Theta Co. v. Moore*, 10 S.W.3d 658, 663 (Tex. 1999) (Enoch, J., dissenting). Under the "inherent risk" standard, participant-defendants and nonparticipant-defendants owe no duty to protect a participant-plaintiff from risks inherent in the sport or activity in which he partakes. *Id.*

Because the Texas Supreme Court has expressly declined to adopt any specific standard, this court cannot say that any particular one of the three listed above would be wrongly applied to this case. Construing Plaintiffs' factual allegations in the light most favorable to Plaintiffs, the court, as discussed below, actually determines that the Complaint states a plausible claim for relief under all three of the standards.

With respect to the "reckless or intentional" standard, it is undisputed that the Moving Defendants did not *intend* to cause Newton any injury, let alone one that resulted in his death. Plaintiffs characterize the Moving Defendants' conduct in failing to take safety precautions for reasonably foreseeable injury, however, as "egregious, grossly negligent, and in reckless disregard" for the safety of the tournament participants. Pls.' Compl. 6 ¶ 3.12. In drawing this conclusion, Plaintiffs allege that it is "standard" in the course of these kinds of sports tournaments for emergency medical personnel to be on hand and available to provide emergency medical care; for emergency medical equipment to be available and used in the event of a medical emergency; and for proper ingress and egress to be available to emergency medical technicians to quickly respond to a medical emergency. *Id.* at 5 ¶ 3.9. The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff in connection with a Rule 12(b)(6) motion. *Sonnier,* 509 F. 3d at 675.

Accepting as true Plaintiffs' pleadings that the Moving Defendants' acts or omissions were inconsistent with standard practice, the court believes it is plausible to conclude that the Moving Defendants acted recklessly with respect to Newton's death. The possibility of injury occurring in a heavily populated, 128-team basketball tournament is especially foreseeable in light of the fiercely competitive and physical nature of athletic competition with hundreds of young participants.

With respect to the "traditional negligence" standard, the court again determines that Plaintiffs have advanced a plausible claim for relief. If the Moving Defendants substantially deviated from what was "standard" in the course of operating and managing these types of large-scale basketball tournaments, it is reasonable to conclude that the Moving Defendants owed and breached a legal duty of "ordinary care."

Finally, with respect to the "inherent risk" standard, the court notes that Newton's injuries that resulted in his death were not those that are "inherent" to the sport of basketball. Sitting on a bench and undergoing cardiac arrest due to a congenital respiratory condition and heart defect is not the type of injury that one generally associates with playing on a basketball court. Thus, from the outset, the court determines that the "inherent risk" standard cannot apply to Plaintiffs' negligence claim. "[I]f the risk that resulted in the plaintiff's injury is not inherent in the nature of the sport in which the plaintiff chose to participate, then a participant-defendant owes the plaintiff an ordinary negligence duty." *Chrismon v. Brown*, 246 S.W.3d 102, 112 (Tex. App.—Houston [14th Dist.] 2007, no pet.). "Regardless of whether the risk that resulted in the plaintiff's injury is inherent in the nature of the sport in question, a participant-defendant owes a duty not to engage in gross negligence or intentional conduct causing injury to plaintiff." *Id.*

As discussed, under an "ordinary" or "traditional" negligence standard – which would apply if the participant-plaintiff's injury was not "inherent" to the sport, as here – Plaintiffs have stated a claim for relief that is plausible on its face. Further, even if the court concludes that Newton's injuries *were* "inherent" to basketball, Plaintiffs have stated sufficient factual allegations that, when viewed in the light most favorable to them, plausibly allege gross negligence on the part of the Moving Defendants because, contrary to standard practice, they did not have medical personnel or reasonable access to medical personnel available for potential injuries at a heavily populated basketball tournament of young competitors.

The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *Riley*, 355 F.3d at 376. The court concludes that Plaintiffs' Complaint plausibly alleges that the Moving Defendants organized a

**Memorandum Opinion and Order – Page 8**

basketball tournament which featured 128 teams. During this basketball tournament, Newton went into cardiac arrest and received no aid from emergency medical personnel or equipment at the facility; nor did they provide adequate egress and ingress to the facility for emergency medical dispatch. Further, Plaintiffs allege that the Moving Defendants were familiar with organizing these types of events, and the standard of care for this type of tournament requires the availability of trainers, certified in CPR, or other medical personnel in the event of an emergency. Accordingly, the court determines that these allegations, taken as true, set forth sufficient facts from which a court can reasonably infer that a legal duty existed and was breached.

With respect to the other elements of a negligence claim, including proximate cause and injury, the Moving Defendants make no challenge. Having determined that Plaintiffs have plausibly asserted that the Moving Defendants owed Newton a legal duty, the court can reasonably infer from Plaintiffs' well-pleaded factual allegations that the Moving Defendants breached their duty, which ultimately caused Newton's death. Accordingly, the court determines that Plaintiffs have presented a plausible claim for relief with respect to their claim of negligence against the Moving Defendants, and the motion to dismiss will be denied.

## IV. Conclusion

For the reasons stated herein, the court determines that Plaintiffs have stated a claim upon which relief may be granted. The court therefore **denies** Defendant Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' First Supplemental Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims.

**It is so ordered** this 8th day of July, 2011.

Sam A. Lindsay
United States District Judge