IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE ESTATE OF DESHAWN NEWTON,** | § | |
| by and through the personal representatives | § | |
| Duane Newton and Theresa Grant Newton; | § | |
| **DUANE NEWTON**, an individual; and | § | |
| **THERESA GRANT NEWTON**, an | § | |
| individual, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-809-L** |
| | § | |
| **WES GRANDSTAFF; JANE DOE** | § | |
| **GRANDSTAFF; NEXT LEVEL** | § | |
| **BALLERS,** a nonprofit Corporation,[1] | § | |
| **YMCA,** a nonprofit corporation; **NIKE USA** | § | |
| **INC.,** an Oregon Corporation; **and JOHN** | § | |
| **DOES 1 through 15**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Wes Grandstaff and Jane Doe Grandstaff, Next Level

Ballers' Motion for Summary Judgment, filed September 20, 2012.  Plaintiffs, The Estate of

DeShawn Newton, Duane Newton, and Theresa Grant Newton ("Plaintiffs"), filed an appendix

in opposition to Defendants' Motion for Summary Judgment.[2]  After careful consideration of the

---

[1] Next Level Ballers is listed in Plaintiffs' First Amended Complaint and on the docket sheet as a sole proprietorship.  Based on the record before the court, this designation is incorrect.  Next Level Ballers is a nonprofit corporation organized under the laws of the state of Texas.  The court has made this correction in the caption and **directs** the clerk to amend the docket sheet to reflect that Next Level Ballers is a nonprofit corporation.

[2] Under the Local Civil Rules of this district, a response and brief to a summary judgment motion are due 21 days after the motion is filed. LR 7.1(e).  Plaintiffs, however, did not file a response and brief, even though the court granted them an extension of time to file; they only filed an appendix.  The court also notes that none of the parties filed their appendix in accordance with Local Civil Rule 56.6(b), which, in part, requires each page of the appendix to be numbered sequentially.

**Memorandum Opinion and Order – Page 1**

motion, brief of Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers, appendices, record, and applicable law, the court **grants** Defendants Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' Motion for Summary Judgment.

## I.     Background

The Estate of DeShawn Newton, by and through the personal representatives of Duane Newton and Theresa Grant Newton; Duane Newton, an individual; and Theresa Grant Newton, an individual, (collectively, "Plaintiffs") filed this action on April 21, 2010.   In the First Amended Complaint for Damages ("Complaint"), which is the live pleading, filed November 23, 2010, Plaintiffs assert claims for "negligence, wrongful death and outrage" against Wes Grandstaff; Jane Doe Grandstaff; Next Level Ballers, a nonprofit corporation; YMCA and YMCA of Metropolitan Dallas ("YMCA-MD"), nonprofit corporations; Nike USA, Inc., an Oregon Corporation ("Nike"); and John Does 1 through 15 (collectively, "Defendants"). DeShawn Newton died on April 26, 2008, while participating in a Next Level Ballers Basketball Tournament in Dallas County, Texas.   Plaintiffs contend that Defendants failed to provide adequate emergency medical personnel; adequate emergency medical equipment; and effective ingress and egress to the facility when the basketball game was played.  Plaintiffs further contend that the allegedly tortious conduct of Defendants was a direct and proximate cause of injuries that they suffered, and they seek damages for their alleged injuries.   YMCA-MD was dismissed from this action on July 20, 2012, and the court entered final judgment in its favor on October 2, 2012.

Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers (collectively, "the Next Level Ballers Defendants") request that the court grant summary judgment in their favor.   They contend that: (1) Plaintiffs have offered no legal basis for their purported claims

against individual Defendants Wes Grandstaff or "Jane Doe" Grandstaff in their individual capacities; (2) Plaintiffs' deemed admissions, which served as the evidentiary basis for the summary judgment granted to Co-Defendant YMCA-MD, likewise support summary judgment on behalf of the Next Level Ballers Defendants; (3) Plaintiffs have failed to designate any testifying experts to offer evidence regarding the liability or damages issues upon which they bear the burden of proof; namely, on breach of duty and medical causation of decedent DeShawn Newton's death; (4) the summary judgment evidence conclusively establishes that the primary cause of decedent DeShawn Newton's death was "status asthmaticus," or a fatal asthma attack; and (5) the summary judgment evidence conclusively establishes that decedent DeShawn Newton received immediate and continuous medical attention from the time of his medical episode until the time of his death.  The Next Level Ballers Defendants, therefore, argue that no genuine dispute of material fact exists regarding any of Plaintiffs' theories of recovery and that they are therefore entitled to judgment as a matter of law.

## II.    Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Memorandum Opinion and Order – Page 3**

Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the

**Memorandum Opinion and Order – Page 4**

suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id*.  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

## III.    Requests for Admissions

Some of the summary judgment evidence relied on by the Next Level Ballers Defendants come from Requests for Admissions served by YMCA-MD.  YMCA-MD served Requests for Admissions on each of the three Plaintiffs on October 31, 2011.  Under applicable law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  The parties may stipulate to, or the court may order, a shorter or longer time to answer or object to the request.  *Id.*  Plaintiffs did not serve answers or objections to the requests, and nothing exists in the record to establish that the parties stipulated to, or that the court ordered, a time longer than 30 days to respond. Accordingly, the court held that YMCA-MD's Requests for Admissions to Plaintiffs were deemed admitted as a matter of law.

The effect of a matter admitted is that it "is conclusively established unless the court, on motion, permits the admission to be withdrawn."  Fed. R. Civ. P. 36(b).  As no motion has been filed by Plaintiffs, the matters set forth in YMCA-MD's Requests for Admissions to Plaintiffs are conclusively established, and constitute competent and undisputed summary judgment evidence.  Further, the only limitation for the use of a matter deemed admitted is that "[a]n

admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." *Id.* Accordingly, all matters that the court earlier deemed admitted because of Plaintiffs' failure to answer the requests for admission submitted to them by Defendant YMCA-MD may be used and relied on by the Next Level Ballers Defendants with respect to their summary judgment motion.

## IV.    Undisputed Facts

The facts included in this section are those earlier deemed admitted by the court, or those established by the record and not disputed by competent summary judgment evidence.

The following material facts are undisputed:

A.    On April 26, 2008, there was a basketball tournament at a facility owned by YMCA-MD in Grand Prairie, Texas ("the facility"). YMCA-MD did not organize, host, manage, or sponsor the tournament and did not exercise or retain any control over the basketball tournament.

B.    While seated at the bench during a game, DeShawn Newton suddenly collapsed. Right after DeShawn's collapse, a registered pediatric nurse began providing medical aid to him. Emergency Medical Service ("EMS") was immediately called and dispatched to the facility.

C.    EMS personnel had no trouble entering or accessing the facility and were at DeShawn's side within five minutes of his collapse. Up until the time that EMS arrived, DeShawn was alive and breathing; however, shortly after EMS took over his care, DeShawn stopped breathing and went into cardiac arrest. EMS personnel immediately began cardiopulmonary resuscitation ("CPR") on DeShawn and used an automated external defibrillator ("AED").

D.      YMCA-MD had personnel trained in both CPR and AED within the building that housed the facility while the tournament was conducted.  YMCA-MD also had appropriate emergency equipment in the facility, such as an AED. YMCA-MD did not use its equipment or provide any care to DeShawn because he was already receiving care from a registered nurse and then later received care from EMS.

E.      YMCA-MD, the owner of the facility, did not participate in the activity of the tournament.  There was also no problem of ingress or egress at the facility, and DeShawn was not injured by any defect or condition of the property.

F.      Next Level Ballers is a domestic nonprofit corporation organized according to the laws of the state of Texas.  It promoted and organized the youth basketball tournament in which decedent DeShawn Newton's fatal medical episode occurred.  Neither Wes Grandstaff, in his individual capacity, nor a "Jane Doe" Grandstaff, in her individual capacity, promoted or organized the youth basketball tournament in which DeShawn Newton's fatal medical episode occurred.

G.      Dr. Nizam Peerwani, M.D., chief medical examiner for the Tarrant County Medical Examiner's District, performed the official autopsy on DeShawn Newton.  Dr. Peerwani concluded that the primary cause of DeShawn Newton's death was Status Asthmaticus or an acute asthma attack, that is, a failure of DeShawn Newton's respiratory system.  In lay terminology, this means that there was not sufficient oxygen going into DeShawn Newton's lungs because mucus plugs occluded or blocked the small airways in his lungs.  Dr. Peerwani also

concluded that Hypertrophic Cardiomyopathy with Hypoplastic Left Coronary Circulation was a secondary cause of death.  In his deposition, Dr. Peerwani explained these two conditions as contributing to DeShawn Newton's death.

H.      DeShawn Newton had a clinical medical history of asthma and had been prescribed an Albuterol inhaler to treat his asthma since he was approximately five years old.   The only effective course of treatment for DeShawn Newton's acute asthma attack was administration of a bronchodilator medication, such as Albuterol.   Dr. Peerwani also testified that Epinephrine also causes bronchial dilation, and it helps to relieve the effects of an asthma attack.  The evidence does not reflect that anyone at the scene advised the medical personnel who provided emergency medical treatment to DeShawn Newton that he suffered from asthma or that he used an Albuterol inhaler.

I.      Cynthia Hardy, a registered nurse with over twenty-six years of nursing experience who works in the Surgical Recovery Center at Methodist LeBonheur Children's Hospital in Memphis, Tennessee, provided medical assistance to DeShawn Newton.  Ms. Hardy was in attendance at the basketball game in which DeShawn Newton's medical episode occurred because her son played on a team that was scheduled to play in the game following that in which DeShawn Newton played.  She immediately walked to where DeShawn Newton had collapsed and began providing medical assistance when she heard people screaming and yelling for someone to "Call 911" and saw DeShawn lying on the floor.  Ms. Hardy continued to provide medical assistance to DeShawn until the paramedics arrived approximately five minutes later.

V.      **Analysis**

      A.      **Plaintiffs' Contentions**

The court finds it helpful to include the key allegations and theories of recovery as stated

in Plaintiffs' Complaint.  The key allegations and theories of recovery are as follows:

    3.3      On April 26, 2008, DeShawn Newton died.  He was participating in the
Next Level Ballers National Basketball Tournament in Dallas County, Texas.
DeShawn played the first half of his basketball game and performed very well.
He did not exhibit signs of physical stress.  DeShawn was sitting on the sidelines
waiting for his turn to return to the game.  He looked up at his family members
and assented to their gestures of approval.  He smiled and looked on.  Suddenly,
DeShawn went into a form of cardiac arrest.  Theresa Grant Newton, DeShawn's
mother, was summoned to the court because her son was not breathing.  She was
accompanied by Deanna Newton and Earline Jackson.  While at DeShawn's side,
DeShawn's coach attempted to administer CPR, but no one else came to
DeShawn's aid.  Emergency medical [personnel] was dispatched to the location;
however, they were not able to get into the facility and to DeShawn's aid for
between 20 to 30 minutes after the incident. There was no trainer certified in
CPR.  There were no emergency medical personnel on duty at the facility. There
was no medical equipment, such as a defibrillator, available in the event of an
emergency.

    3.4      The tournament took place at a YMCA facility. On information and belief,
that facility was owned and operated by YMCA of Metropolitan Dallas and/or
YMCA.  The tournament was sponsored by Nike USA, Inc.  On information and
belief, YMCA of Metropolitan Dallas, YMCA, and Next Level Ballers,
collect[ively] referred to as the defendants, took part in organizing and managing
the tournament.  Each was responsible for ensuring that reasonable care was taken
to provide that all necessary safety precautions were taken.

    3.5      Defendants failed to hire or arrange for trainers certified in administering
Cardio Pulmonary Resuscitation ("CPR") or other first aid to injured players or
players in need of immediate medical attention.

    3.6      Defendants also failed to provide for any emergency medical personnel to
be present during the course of the tournament to provide immediate medical
treatment for participants in the tournament in the event of a medical emergency.

    3.7      Defendants also failed to provide for any emergency medical equipment,
such as a defibrillator, available for use during the course of the tournament to
provide immediate medical treatment for participants in the tournament in the
event of a medical emergency.

3.8     The defendants failed to provide effective ingress and egress to the facility that would have allowed outside emergency medical providers immediate access to players injured or who might develop health conditions requiring immediate need of emergency medical care during the course of the tournament.

3.9     At the time of DeShawn Newton's death, Next Level Ballers tournament had 128 teams that participated.  It is the standard in the course of these kinds of tournaments with this level of play and participation that trainers certified in CPR be available in the event of an emergency.  It is the standard in the course of these kinds of tournaments for emergency medical personnel to be on hand and available to provide emergency medical care.  It is the standard in the course of these kinds of tournaments to have available emergency medical equipment, such as a defibrillator, available to staff to be used in the event of a medical emergency.  It is standard in the course of these kinds of tournaments for the proper ingress and egress [to] be made available to outside emergency medical technicians or aid workers so that individuals in need of emergency medical care and receive that care within a reasonable amount of time.

3.10    YMCA, YMCA of Metropolitan Dallas, Nike USA, Inc., Next Level Ballers, and Wes Grandstaff, have each had significant experience in organizing and sponsoring basketball tournaments like the one at issue in this case.  They were each aware of the danger that would be caused by the failure to have available emergency medical equipment.  They were each aware of the danger that would be caused by the failure to have trainers certified in CPR available to act in the event of a medical emergency.  They were each aware of the danger that would be caused by the failure to provide adequate ingress and egress into the facility where this tournament was taking place, such that outside emergency medical personnel would gain access to the facility and reach persons in need of emergency medical care.

3.11    Upon information and belief, had the defendants provided trainers certified in CPR, provided emergency medical equipment or provided adequate ingress and egress to and from the facility, DeShawn Newton would have survived the sudden emergency medical condition that eventual[ly] led to his death.  Upon information and belief, the defendants failed to provide these adequate safety measures for the sole purpose of avoiding the expense and in violation of the usual and customary standards employed by organizers and sponsors of similarly sized tournaments.

3.12    Upon information and belief, the failure to provide the safety measures alleged herein was egregious, grossly negligent and in reckless disregard for the safety of the person participating in this basketball tournament.

3.13    The injuries that were suffered by the plaintiffs and specifically DeShawn Newton were not of the kind that are inherent in the risks associated with playing basketball.   DeShawn's death could have been prevented had the defendants provided the safety measures alleged herein.   Upon information and belief, the defendants' failures to take such safety precautions were the direct and proximate cause of the injuries to each of the plaintiffs and specifically those of DeShawn Newton.

Compl. ¶¶ 3.3-3.13.

B.    Discussion

1.    Negligence

Under Texas law, "[t]he elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex. 1995) (citations omitted).  Proximate cause consists of two components: "cause in fact and foreseeability." *Id.*  Regarding these components, the Texas Supreme Court has stated the following:

These elements cannot be established by mere conjecture, guess, or speculation. The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about injury, without which the harm would not have occurred.  Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. . . .  The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries [and] justify the conclusion that such injury was the natural and probably result thereof.

. . . .

Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission.  The danger of injury is foreseeable if its general character might reasonably have been anticipated.  The question of foreseeability, and proximate cause generally, involves a practical inquiry based on common experience applied to human conduct.  It asks whether the injury might reasonably have been contemplated as a result of the defendant's conduct.  Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury.

*Id.* at 477-78 (internal quotation marks, citations and ellipses omitted).

Plaintiffs contend that "[o]rdinary premises liability rules apply to acts of negligence of the defendants." Compl. ¶ 3.14. This is an incorrect statement of the law. Under Texas law, negligent activity and premises liability are separate claims:

> Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. Negligence in the former context means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done. Negligence in the latter context means failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about.

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) (internal quotations and footnotes omitted) (original). In other words, unlike a negligent activity claim, "a premises defect claim is based on the property itself being unsafe." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

### a.       Individual Defendants

Individual Defendants Wes Grandstaff and Jane Doe Grandstaff contend that there is no legal basis for Plaintiffs' claims against them in their individual capacities. The court agrees.

Under the law of this state, "[a] corporate officer or agent can be liable to others, including other company employees, for his or her own negligence[;] [h]owever, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (citations omitted). In this action, Next Level Ballers, a nonprofit corporation, promoted and organized the basketball tournament in which DeShawn Newton's injury occurred. Neither Wes Grandstaff nor Jane Doe Grandstaff, in his or her individual capacity, promoted or

organized the basketball tournament in question.  Plaintiffs have not produced any evidence to show that Wes Grandstaff or Jane Doe Grandstaff promoted or organized the basketball tournament.  Further, Plaintiffs have produced no evidence that either individual Defendant owed DeShawn Newton a duty, or that either individual breached such duty.  For these reasons, no genuine dispute of material fact exists regarding Plaintiffs' claims of negligence, and Wes and Jane Doe Grandstaff are entitled to judgment as a matter of law on these claims.

### b.	The Next Level Ballers Defendants

To defeat summary judgment on their claims of negligence, Plaintiffs' must establish, or raise a genuine dispute of material fact, that the Next Level Ballers Defendants owed them some kind of legal duty.  Texas law "imposes no general duty to 'become [a] good Samaritan.'"  *The Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2001) (citations omitted).  A duty, however, may arise if one undertakes to provide services to another if the failure to exercise reasonable care increases the risk of harm to the person to whom the services are provided, or the harm occurs because the person relied upon the undertaking.  *Id.* (citations omitted).

In this action, no evidence exists to establish that the Next Level Ballers Defendants engaged in or assumed such an undertaking.  Moreover, Plaintiffs have come forth with no authority from a Texas court or the Fifth Circuit that these Defendants owed them a duty with respect to the activities at a youth basketball tournament.  As Plaintiffs have failed to raise a genuine dispute as to any material fact regarding duty, the Next Level Ballers Defendants are entitled to judgment as a matter of law on Plaintiffs' claims of negligence.

Assuming that the Next Level Ballers Defendants owed a duty to them, Plaintiffs fail to raise a genuine dispute of material fact as to the remaining elements of a cause of action for negligence.  No evidence remotely intimates that the Next Level Ballers Defendants breached a

duty owed to Plaintiffs.  Moreover, no evidence exists to establish causation, that is, that Plaintiffs' injuries were proximately caused by the Next Level Ballers Defendants' negligent conduct.  Texas courts have long held that expert testimony is required to establish causation regarding medical conditions that are beyond the common knowledge and experience of jurors. *Guevara v. Ferrer*, 247 S.W. 3d 662, 665 (Tex. 2007) (citations omitted).  In other words, expert medical testimony is necessary to establish the nature of a causal connection between the event sued upon and the injuries or conditions alleged to have occurred as a result of the event. Matters regarding DeShawn Newton's medical condition and causation are clearly outside the realm of common knowledge of a lay person.  Plaintiffs produced no expert medical evidence to establish that DeShawn's death would not have occurred had the Next Level Ballers Defendants done everything Plaintiffs alleged that they failed to do.  For these additional reasons, no genuine dispute of material fact exists regarding the Next Level Ballers Defendants' alleged negligence, and they are entitled to judgment as a matter of law on Plaintiffs' claims of negligence.

### 2.    Premises Liability

To the extent Plaintiffs base their claim on premises liability, which apparently is based on the alleged lack of ingress and egress at the facility where DeShawn Newton was playing basketball.  This basis, as well as any other purported basis asserted by Plaintiffs, is without merit.  The elements of a premises liability claim are:

> (1) [a]ctual or constructive knowledge of a condition on the premises by the owner or occupier; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted).  The record contains no evidence to support any of the elements of a premises liability claim.

**Memorandum Opinion and Order – Page 14**

Plaintiffs have put forth no evidence to support any of the elements of a premises liability claim.  Moreover, even if such evidence exists, there is absolutely no evidence to establish that the alleged failure to reduce or eliminate the unreasonable risk or unsafe condition proximately caused Plaintiffs to suffer any injury.  No evidence in the record suggests that DeShawn would not have died had the Next Level Ballers Defendants done everything Plaintiffs alleged that they did not do.  As there is no genuine dispute of material fact regarding Plaintiffs' premises liability claim, the Next Level Ballers Defendants are entitled to judgment as a matter of law on this claim.

### 3.     Wrongful Death

Plaintiffs also make a claim under the Texas Wrongful Death Act (Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002, 71.004 (West 2008)).  Such claim must be based on a "wrongful act, neglect, carelessness, unskillfulness, or default." *Id.* § 71.002(b).  Plaintiffs make no claim under the Texas Survival Statute (Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (West 2008)); however, even assuming such claim has been asserted, it necessarily fails for the same reason that the wrongful death claim fails.  The Texas Wrongful Death Act "confers a cause of action upon the surviving spouse, children, and parents of a decedent for their damages resulting from the decedent's death." *THI of Texas at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 568 (Tex. App. — Amarillo 2010, pet. denied) (citation omitted). On the other hand, the Texas Survival Statute allows "a decedent's heirs, legal representatives, and estates to bring actions for personal injury the decedent suffered before his death." *Id.*  As Plaintiffs' claims are based on negligence, and the court has ruled that the evidence does not support a claim of negligence, the claims under both statutes necessarily fail.   The Next Level Ballers Defendants are therefore entitled to

judgment as a matter of law on these claims.  Further, as Plaintiffs' claims of negligence fail as a matter of law, their claims of gross negligence necessarily fail.

### 4.    Plaintiffs' Claim of "Outrage"

Plaintiffs assert a claim of "outrage" in the Complaint.  While the Complaint is not a model of pellucid draftsmanship as to this claim, the court assumes that Plaintiffs are attempting to assert a claim for intentional infliction of emotional distress.  The court makes this assumption because the elements of such a claim are: "1) the defendant acted intentionally, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the emotional distress suffered by the plaintiff was severe." *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993) (quoting the Restatement (Second) of Torts § 46 (1965)). The Texas Supreme Court defines extreme and outrageous conduct as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (internal quotation marks and citations omitted).  Once again, the evidence in this case, even under the most liberal reading, simply does not raise a genuine dispute of material fact that the Next Level Ballers Defendants' conduct was outrageous as defined by the Texas Supreme Court.  Accordingly, the Next Level Ballers Defendants are entitled to judgment as a matter of law on this claim.

## VI.    Service on Defendants Nike, YMCA, and John Does 1 through 15

The record reflects that Nike has been served; however, there is no answer on file, and Plaintiffs have failed to prosecute its claim against Nike.  No request for entry of default and motion for default have been filed.  The record also reflects that Defendant YMCA and Defendant John Does 1 through 15 have not been served, although this action is almost three

years old.  These actions indicate a clear want of prosecution on the part of Plaintiffs.  The latest example of Plaintiffs indifference or ineptitude is the failure to file required pretrial material.  The court's Scheduling Order of September 22, 2011, required the parties to submit a pretrial order and six other documents by January 7, 2013.  The Next Level Ballers Defendants complied and filed their material; however, Plaintiffs filed nothing with the court and filed no motion for leave to file the documents out of time.  The court does not know whether the failure to take action to prosecute claims against these Defendants is the result of intentional conduct or ineptitude.  In any event, because of the extremely long delay in the failure to take action against these Defendants and because of the court's determination that further delay should not occur, the court believes that dismissal of these Defendants without prejudice for failure to prosecute is appropriate pursuant to Federal Rule of Civil Procedure 41(b), and will dismiss pursuant to this rule.[3]

## VII.    The Next Level Ballers Defendants' Objections

The Next Level Ballers Defendants object to the Declarations of Duane Newton, Theresa Grant, Earline Jackson, Deanna Newton, and Joseph Soto because, according to these Defendants, they were not signed, notarized, or otherwise properly authenticated.  The court **sustains** the objection.  Title 28 U.S.C. § 1746 requires a declaration to be signed.  None of these Declarations was signed.  Accordingly, they are not competent summary judgment evidence and were not considered by the court in considering this summary judgment motion.

---

[3] The court realizes that Rule 4(m) of the Federal Rules of Civil Procedure requires it to give notice when a defendant has not been served within 120 days after an action is filed.  In this instance, however, because of the age of this case and Plaintiffs' lack of motivation in proceeding against these Defendants, the court determines that Plaintiffs' conduct falls squarely within the ambit of Rule 41.

**Memorandum Opinion and Order – Page 17**

With respect to the deposition of Dr. Peerwani, the Next Level Ballers Defendants object because Plaintiffs submitted the entire deposition and did not cite to particular parts of it as required.  The court **overrules** this objection because, in this case, sustaining the objection would exalt form over substance.  Moreover, the Next Level Ballers Defendants relied on a part of Dr. Peerwani's deposition that is not included in their appendix.

The Next Level Ballers Defendants also object to the document titled "Restrictions on Certified Events" on grounds that it is irrelevant and constitutes inadmissible hearsay.  The court **sustains** the objection as to relevance, as it has not been shown that the document is relevant to an athletic tournament of the kind in which DeShawn Newton was participating.  The court did not consider the document in ruling on the summary judgment motion.

## VIII.   Conclusion

For the reasons stated herein, the court determines that no genuine dispute of material fact exists with respect to any claims or purported claims asserted by Plaintiffs against the Next Level Ballers Defendants, and they are entitled to judgment as a matter of law.  Accordingly, the court **grants** Defendants Wes Grandstaff and Jane Doe Grandstaff, Next Level Ballers' Motion for Summary Judgment.  The court **dismisses with prejudice** all claims asserted by Plaintiffs against Defendants Wes Grandstaff, and Jane Doe Grandstaff, Next Level Ballers.  The court **dismisses without prejudice** all claims asserted against Defendants Nike, YMCA, and John Does 1 through 15.  Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 18th day of January, 2013.

Sam A. Lindsay
United States District Judge