**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **THE ESTATE OF DESHAWN NEWTON,** | § | |
| by and through the personal representatives | § | |
| Duane Newton and Theresa Grant Newton; | § | |
| **DUANE NEWTON**, an individual; and | § | |
| **THERESA GRANT NEWTON**, an | § | |
| individual, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-809-L** |
| | § | |
| **WES GRANDSTAFF; JANE DOE** | § | |
| **GRANDSTAFF; NEXT LEVEL** | § | |
| **BALLERS,** a nonprofit Corporation, | § | |
| **YMCA,** a nonprofit corporation; **NIKE USA** | § | |
| **INC.,** an Oregon Corporation; **and JOHN** | § | |
| **DOES 1 through 15**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs' Motion for Reconsideration and for CR 56(F) Motion for Additional Time to Complete Discovery, filed February 1, 2013. After careful consideration of the motions, response, record, and applicable law, the court **denies** Plaintiffs' Motion for Reconsideration and for CR 56(F) Motion for Additional Time to Complete Discovery.[*]

### I.     Background

Plaintiffs, the Estate of DeShawn Newton ("DeShawn"), by and through personal representatives Duane Newton and Theresa Grant Newton; Duane Newton, an individual; and Theresa Grant Newton, an individual (collectively, "Plaintiffs"), have filed a motion requesting

---

[*] Plaintiffs filed no reply to the response of Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers.

**Memorandum Opinion and Order – Page 1**

the court to reconsider its ruling and judgment issued against Plaintiffs on January 18, 2013, and

in favor of Defendants Wes Grandstaff, Jane Doe Grandstaff, and Next Level Ballers

(collectively, "the Next Level Ballers Defendants" or "Defendants").

Plaintiffs believe that the court should have given them until November 12, 2012, to

respond to Defendants' summary judgment motion and that the court should have extended the

discovery deadline to December 10, 2012, because all parties agreed to the extension.  As part of

their justification, Plaintiffs state:

> The attorney who had been working on this matter on behalf of the plaintiffs
> underwent emergency surgery on September 26, 2012 and had a subsequent
> surgery on November 6, 2012.   After both surgeries, he experienced
> complications which resulted in extended time for recovery.  He was ordered by
> his attending surgeon [to] not work at all during his recovery.  (His surgeon is
> Nicole White, MD, of Seattle Pacific Surgeons and can be reached at (206) 368-
> 1070.[)]  *Declaration of Dr. Nicole White.*
>
> Due to the surgeries and the complications thereafter, he was not
> physically capable of adequately performing the necessary legal work required to
> adequately represent the plaintiffs in this matter and respond to the motions or
> complete the necessary discovery.  There were no partners or associates available
> to sufficiently familiarize themselves with this case to work on the same, nor was
> there sufficient time in which to introduce another attorney to the facts and
> proceedings involved in this case.

Pls.' Mot. for Recons. 2-3.  With respect to the request for a Rule 56 continuance, Plaintiffs state:

> The plaintiff[]s respectfully ask[] the court to withhold summary judgment
> and examine the substantive arguments of the plaintiffs.  Only after consideration
> of these arguments, should the court consider accepting the findings and its
> judgment and dismissing the underlying cause of action.  It is no violation of any
> recognized constitutional right for the defendants and they will not be unduly
> prejudiced for the court to allow a delay in the proceedings to which the
> Grandstaff Defendants' counsel had already agreed.  Allowing these proceedings
> to go forward would prevent a manifest injustice to these plaintiffs.

*Id*. at 4.

**Memorandum Opinion and Order – Page 2**

Defendants oppose the motions and relief sought by Plaintiffs. Defendants contend Plaintiffs have failed to satisfy the requisites that warrant the court to alter or amend its judgment. Defendants also contend that Plaintiffs' Rule 56 motion for continuance is procedurally defective because it was filed after their response to Defendants' summary judgment motion and well after the court's grant of summary judgment to Defendants. Finally, Defendants contend that Plaintiffs were not diligent in seeking discovery.

## II.     Discussion

### A.     Motion to Reconsider

Plaintiffs filed a motion to reconsider. As Plaintiffs' claims against the Defendants were adjudicated by a motion for summary judgment, their motion to reconsider is therefore more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that a motion to alter or amend under Rule 59(e) is the proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (stating that a motion to reconsider entry of summary judgment was properly styled a Rule 59(e) motion).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v.*

*United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).  When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

After carefully reviewing the motion to reconsider, the court is convinced that Plaintiffs have established none of the required criteria.  Specifically, Plaintiffs have not shown that: (1) the motion is necessary to correct a manifest error of law or fact; (2) they presented newly discovered evidence or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) an intervening change in the controlling law has occurred since the court issued its opinion and judgment.

As Plaintiffs focus on manifest injustice, the court believes it appropriate to expound on Plaintiffs' contention regarding manifest injustice. With respect to manifest injustice, Plaintiffs' state the following:

> The Newton family has been devastated by the death of DeShawn Newton. They sought counsel to provide answers for his death. If this motion for reconsideration is not granted, they will never have the closure on this tragedy brought on by no fault of their own. Denial of this motion would present a manifest injustice.

Pls'. Mot. for Recons. and for CR 56(F) Mot. for Additional Time to Complete Disc. 7. The court agrees that DeShawn Newton's death was a tragedy and acknowledges that the family has been devastated by DeShawn's death; however, the court disagrees that denial of the motion to reconsider results in a manifest injustice to Plaintiffs.

The court has applied the controlling law to the facts of this case in ruling on all motions and is not aware of any plain or obvious error that is contrary to law. The court has not disregarded or ignored applicable precedent, and it has painstakingly reviewed the motion to reconsider and the record as a whole. The record reveals that this action has not been aggressively or diligently prosecuted. By way of example, in addition to other matters addressed later in this opinion, the court first notes that Plaintiffs failed to follow the court's memorandum opinion and order of April 30, 2010, which directed Plaintiffs to provide information regarding the citizenship of all parties so that the court could determine whether complete diversity of citizenship existed between the parties. Despite being warned to respond by May 21, 2010, Plaintiffs failed to do so, and the court dismissed the action on May 25, 2010. Plaintiffs later filed a motion to reconsider, and the court reinstated the action on July 2, 1010.

Second, on July 24, 2012, Magistrate Judge Irma Carrillo Ramirez deemed admitted the requests for admissions served by then-Defendant YMCA of Metropolitan Dallas on Plaintiffs

because of Plaintiffs' failure to answer the requests within the time required under Rule 36 of the Federal Rules of Civil Procedure. Plaintiffs never objected to the magistrate judge's determination. The court also deemed the matters admitted on July 20, 2012. Plaintiffs never moved to set aside the matters deemed admitted, which was the primary reason that the court granted summary judgment to then-Defendant YMCA of Metropolitan Dallas, and Plaintiffs filed no response to the summary judgment motion of then-Defendant YMCA of Metropolitan Dallas. Further, the admissions were a major factor in granting summary judgment for the Next Level Ballers Defendants.

Third, the court denied the parties' initial motion in October 2012 to extend the discovery deadline because good cause did not exist for the extension. The court denied the motion *without prejudice*; however, Plaintiffs never renewed their motion to attempt to show that good cause existed prior to the court's ruling on the Next Level Ballers Defendants' summary judgment motion.

While the result the court reaches is not the outcome desired or expected by Plaintiffs, no conduct by the court or Defendants has caused Plaintiffs to suffer a manifest injustice. For the reasons herein stated, no basis exists to grant a motion to amend or alter the court's earlier opinion and judgment.

### B.       Motion to Extend Time for Summary Judgment Response

Plaintiffs criticize the court for not allowing an extension to November 12, 2012, for them to respond to Defendants' summary judgment motion and emphasize that Defendants had agreed to the November 12th date for an extension. The court extended Plaintiffs' response deadline to November 1, 2012, and now explains in more detail the basis of its decision.

First, the court based its decision on what was set forth in the parties' Joint Motion to Continue Discovery Deadline and Plaintiffs' Response Date to Defendants' Motion for Summary Judgment, filed October 10, 2012, one day before Plaintiffs' response to the motion for summary judgment was due under this district's Local Civil Rules.  Regarding the extension of time to respond to Defendants' then-pending summary judgment motion, Plaintiffs' stated:

> Attorney of record for Plaintiffs in the above-entitled proceeding underwent emergency surgery on September 26, 2012 and has been ordered by his doctor not to work from Friday, September 28, 2012 through Friday, October 12, 2012.  His doctor is Nicole White, MD, of Seattle Pacific Surgeons and can be reached at (206) 368-1070.  Due to his surgery he is incapable of adequately performing the legal research, formulating the necessary arguments, and drafting the requisite pleading to respond to Defendants' Motion for Summary Judgment during the time period stated previously.  The attorney of record for Plaintiffs has no partners or associates sufficiently familiar with this case to be able to work on the same, nor is there sufficient time in which to introduce another attorney to the facts and proceedings involved in this case.

Jt. Mot. to Continue Disc. Deadline and Pls.' Resp. Date to Defs.' Mot. for Summ. J. 2.

By the plain terms of Plaintiffs' statement, their attorney of record underwent emergency surgery on September 26, 2012, and was ordered by his doctor not to work from September 28, 2012, through Friday, October 12, 2012.  Because of Plaintiffs' counsel's surgery, the court extended Plaintiffs' time to respond to the summary judgment motion to November 1, 2012, which was one day short of three additional weeks and almost twice the time allowed under the Local Civil Rules.  The court did not extend the response time to November 12, 2012, because, based upon the information before it, Plaintiffs' counsel would be able to resume working after October 12, 2012, and the court believed that the additional twenty days allowed were more than sufficient time for Plaintiffs to respond adequately to the summary judgment motion.

In the current motion, Plaintiffs, *for the first time*, come forth with a declaration from Dr. Nicole B. White, surgeon for Mr. David C. Reed, Plaintiffs' lead counsel.  Dr. White stated that

**Memorandum Opinion and Order – Page 7**

she performed an emergency appendectomy on Mr. Reed on September 26, 2012, and would be removing two inguinal hernias discovered during the appendectomy. She also stated that the subsequent surgery would take place on November 6, 2012. Dr. White further stated that Mr. Reed's recovery period would be approximately two weeks. Plaintiffs *did not* provide the court with the declaration of Dr. White until **February 1, 2013**, the date they filed the motions currently under review, even though Dr. White signed her declaration on **November 1, 2012**. The court had no knowledge of the subsequent surgery until almost ninety days after it was performed. Moreover, based on what Dr. White stated in her declaration regarding the subsequent surgery scheduled for November 6, 2012, Mr. Reed would be in a recovery mode between November 6 and November 12, 2012, the date to which he wanted Plaintiffs' extension to run; yet Plaintiffs did nothing to inform the court of the subsequent surgery until February 1, 2013. Based on what Plaintiffs are now contending, they would not have been able to respond by November 12, 2012, even if the court had granted the extension initially requested.

Second, Plaintiffs contend that the court should have extended the summary judgment response deadline because Defendants agreed to an extension to November 12, 2012. The court is not bound by any agreement of the parties, and, therefore, the agreement reached by the parties is quite beside the point. A court has the inherent right and power to manage and control its docket. *Reliance Ins. Co. v. Lousiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). This action was filed on April 21, 2010, and at the time the joint motion was filed, the action was almost two and one-half years old; and Plaintiffs set forth no good cause or reasonable basis to extend their response time to Defendants' summary judgment motion beyond what the court permitted. Indeed, the court believed the twenty-day extension it granted to be quite reasonable.

**Memorandum Opinion and Order – Page 8**

### C.       Motion for Rule 56 Continuance

Plaintiffs request a "Rule 56(f)" continuance.  The correct reference should be Rule 56(d), as the Advisory Committee Notes to the 2010 Amendment to Rule 56 correctly observe that subdivision (d) of Rule 56 "carries forward without substantial changes the provisions of former subdivision (f)."  The current version provides:

> (d)   **When Facts Are Unavailable to the Nonmovant**.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d).

To obtain a continuance regarding a motion for summary judgment, the opposing party must file a motion, along with an affidavit or declaration, setting forth why the opposing party cannot present by affidavit or declaration necessary to justify the party's opposition to the summary judgment motion.  *Id.*; *see also Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999).  The party moving for the continuance must show why he needs the additional discovery and how the additional discovery will demonstrate that a genuine dispute of material fact exists.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (citation omitted).  A party may not "rely on vague assertions that additional discovery will produce needed, but unspecified facts."  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (citation and quotation marks omitted).  Finally, the party requesting the additional discovery or extension must show that relevant discovery has been diligently pursued. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

Plaintiffs do not marginally satisfy any of the criteria for obtaining a Rule 56(d) continuance, and this determination applies to the motion Plaintiffs' filed on October 10, 2012, and that filed on February 1, 2013.  First, Plaintiffs did not submit the required affidavit or declaration in conjunction with their request for a Rule 56(d) continuance.  Second, Plaintiffs did not set forth with specificity why the additional discovery was needed and how it would create a genuine dispute of material fact.  Third, Plaintiffs did not demonstrate that they had been diligent in pursuing relevant discovery during the twelve-month period allowed for discovery under the court's scheduling order.  For these reasons, Plaintiffs were not entitled to a Rule 56(d) continuance.

### D.    Modification of Scheduling Order

Plaintiffs' request that the court extend discovery until December 10, 2012, would necessarily have required a modification of the court's scheduling order.  The court's scheduling order of September 22, 2011, required the parties to complete discovery by October 1, 2012.  Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b).  *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension."  *S & W Enters.*, 315 F.3d at 535 (citation omitted).  In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice.  *Id*. (internal

quotation marks, brackets, and citations omitted).  The court first addresses Plaintiffs' diligence in conducting discovery within the scheduling order's timeline.

The court, in its order of October 11, 2012, denied the parties' motion to continue discovery because the parties did not show that good cause existed to grant the continuance. While it is true that Plaintiffs' lead counsel had emergency surgery on September 26, 2012, Plaintiffs did not establish that they were diligent in conducting discovery during the *twelve months* prior to his surgery.  Moreover, they offered no explanation as to why they were not diligent in conducting discovery.  Further, Plaintiffs did not even timely file the motion to extend the discovery deadline, despite the express language in the scheduling order that **"A motion for extension of any deadline set herein must be made prior to its expiration."**  Ct.'s Scheduling Order 8, ¶ 13 (emphasis in original).  As Plaintiffs have failed to show diligence in meeting the scheduling order's discovery deadline, the court need not address the previously mentioned four factors to determine whether good cause existed to modify the scheduling order and extend the discovery deadline.

## IV.    Conclusion

For the reasons herein stated, Plaintiffs have not convinced the court that it should alter or amend its memorandum opinion and order and judgment issued on January 18, 2013, and extend the time to allow Plaintiffs to conduct discovery regarding Defendants' summary judgment motion.  Accordingly, the court **denies** Plaintiffs' Motion for Reconsideration and for CR 56(f) Motion for Additional Time to Complete Discovery.

**It is so ordered** this 12th day of April, 2013.

Sam A. Lindsay
United States District Judge